

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN



GERALD C. MANN
ATTORNEY GENERAL

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-2269
Re: Deduction of collection
expenses from grant to
Harris County.

In your letter of October 28, 1939, you advised us that on August 29, 1938, in Cause No. 250,605 in the 80th Judicial District Court of Harris County, S. W. Freese and M. O. Nichols, composing the partnership of Freese & Nichols, and B. S. Pritchard and J. L. Abbott, composing the partnership of Pritchard & Abbott, recovered judgment against the County Judge, County Commissioners, County Treasurer, County Auditor and County Tax Assessor and Collector of Harris County, in their official capacities, establishing an indebtedness of $67,500.00, without interest, to be paid out of 15% of all delinquent taxes collected in said County after July 1, 1938, and directing that "the Tax Assessor and Collector and his successors in office shall pay and he is hereby ordered to pay 15% of all delinquent taxes collected by him each month beginning with collections on and after July 1, 1938, until the full payment of said sum of $67,500.00 (which shall be paid out of said 15% of all delinquent taxes)." The judgment finds that the contractors had prepared and delivered to Harris County "reports, inventories, maps, ownership cards, building manuals, geological data, and other instruments and physical data" and that the work so done had "benefited the State of Texas and County of Harris to the extent of $67,500.00." It was found that Freese & Nichols, Pritchard & Abbott had completed work contemplated under paragraphs 1, 2 and 5 of a purported contract of March 14, 1938, and all amendments and supplements thereto, and had completed work contemplated by the remainder of the contract to the extent of 80%. The judgment further recited that the recovery was allowed on a quantum meruit basis, and cancelled all "tax re-valuation contracts" between the County and Freese and Nichols and Pritchard and Abbott.

You also stated that under the provisions of Article 7336f, Vernon's Annotated Civil Statutes, Harris County caused a delinquent tax record to be made at the cost therein authorized, this being prior to the enactment of the hereinafter mentioned Senate Bill No. 6

Neither of these obligations having been discharged, you requested our opinion in substance as to whether any part of same should be deducted from the sums granted to the Harris County Flood Control District by Senate Bill No. 6, 46th Legislature, or whether such sums should be paid entirely out of the State's half of the ad valorem taxes collected in Harris County. On June 14, 1940, you renewed your request for this opinion. Our delay has been occasioned by the pendency in the Supreme Court of the mandamus case involving the constitutionality of the Act. The statute having been held valid we shall now attempt to answer your question.

Section 1 of said Senate Bill No. 6 reads in part as follows:

"For a period of ten (10) years, commencing with September 1st, following the adoption of this Act there is hereby donated and granted by the State of Texas to the Harris County Flood Control District of Harris County, Texas, as created by Chapter 360, House Bill No. 1131, Acts of the Regular Session of the Forty-fifth Legislature, 1937, one-half of all the State ad valorem taxes collected in Harris County for general revenue purposes upon the property therein and from persons, which taxes, when collected shall be used by the said Harris County Flood Control District for the purposes of preventing the continued public calamity caused by great floods, and to construct improvements to control flood waters in the said County for the protection of life, property, soil, forests, public highways, and the Houston Ship Channel, lying within the said County, and to carry out the powers given herein and in Chapter 360, Acts of the Regular Session of the Forty-fifth Legislature, 1937, creating the said District.

"At the end of each month, the Assessor and Collector of Taxes of Harris County shall make an itemized report under oath to the Comptroller of Public Accounts of the State of Texas, on forms to be furnished by said Comptroller, showing the amount of all State ad valorem taxes collected by him for general revenue purposes upon property and from persons within the County of Harris; and he shall accompany

the same with an itemized statement showing full disposal of all such taxes collected. The said Assessor and Collector of Taxes shall forward his report to the Comptroller, and shall make a like report to the County Auditor, and he shall pay over to the County Treasurer of Harris County, Texas, upon the approval by the County Auditor and Commissioners' Court of Harris County of his monthly report, one-half of all moneys collected by him as State ad valorem taxes during said month, less such amounts as are allowed by law for assessing and collecting same."

From a reading of the judgment, a copy of which you have handed to us, it is thought that the liability therein established arose out of part performance of a contract made in pursuance of Article 7264a, Vernon's Annotated Civil Statutes, the first two sections of which read as follows:

"Sec. 1. It is hereby declared the Policy of the State to adjust delinquent taxes, correct errors, to eliminate conflicts in surveys of land, and to collect the delinquent, occupation, franchise and Ad Valorem Taxes, in order to clear this State of such taxes, errors and conflicts at the earliest date possible, and to provide a system for assessors, in order to eliminate the numerous errors that now appear on the tax rolls each recurring year.

"Sec. 2. Cost of collecting delinquent taxes shall not exceed the amount of the penalty and interest, or an amount equal to such penalty and interest of all delinquent taxes collected. Any county desiring to install a tax or plat system and clear the county of errors, conflicts and unknown owners, may do so by paying not to exceed 15% of the delinquent taxes collected, which payment shall cover the cost of records and installing same."

In the first place, we direct attention to the fact that under the express terms of the Act, the Assessor-Collector is required to deduct from the sums delivered to the County Treasurer "such amounts as are allowed by law for assessing and collecting same." It is insisted by the attorney for the Harris County Flood Control District that only the "commissions" for assessing and collecting taxes are meant to be included in the term quoted immediately above, and that the grant of Senate Bill No. 6 should suffer no deduction on account of either of

the items in question. Such might be true if the Act covered
only those taxes for the assessment and collection of which
no amounts were allowed by law other than such commissions.
But, delinquent taxes are also included in the grant, and ad-
ditional amounts are "allowed by law" for collecting delin-
quent taxes.

As we understand the principles announced by the
Supreme Court in Commissioners' Court vs. Wallace, 15 S. W.
(2d) 535, and Cherokee County vs. Odom, 15 S. W. (2d) 538, the
constitutionality of Article 7264a, Vernon's Annotated Civil
Statutes, could hardly be sustained except as an authorization
for the use of a part of uncollected taxes for defraying the
expense of collection. We construe Article 7264a, as well as
Articles 7335 and 7335a, Vernon's Annotated Civil Statutes,
as being aids for the collection of taxes, and the sums there-
in authorized to be expended would be sums allowed by law for
collecting taxes.

Furthermore, that Freese & Nichols, Pritchard &
Abbott had performed certain services for the State and Harris
County had been established by judgment, final before the
passage of Senate Bill No. 6. After the entry of that Judg-
ment 15% of the delinquent taxes collected by the Tax Collector
of Harris County belonged to Freese & Nichols, Pritchard &
Abbott, until the obligation of $87,500.00 should be discharged.
It was collected for them, not for general revenue purposes of
the State. When still uncollected such 15% had been used for
defraying certain expenses of collecting uncollected taxes.

The grant to the Harris County Flood Control Dis-
trict must bear a proportionate part of the burden of the judg-
ment in Cause No. 250,605.

Section 2 of Article 7336f, Vernon's Annotated Civil
Statutes, reads as follows:

"Sec. 2. Any County having as many as two
years' taxes delinquent which have not been in-
cluded in the delinquent tax record, the Collector
of taxes shall within two years from the effective
date of this Act, cause to be compiled a delin-
quent tax record of all delinquent taxes not barred
by this Act; the delinquent record shall be exam-
ined by the Commissioners' Court and the Comptroller
or governing body, corrections may be ordered made,
and when found correct and approved by them, pay-
ment for the compilation thereof shall be author-
ized at actual cost to the Tax Collector, propor-
tionately from each the State and County taxes, or

municipal taxes, first collected from such record, such cost in no case to exceed a sum equal to five (5¢) cents per item or written line of the original copy of such record and in no event shall any compiling cost be charged to the taxpayer. The delinquent tax record when approved, shall be prima facie evidence of the delinquency shown thereon, and when there shall be as many as two years of delinquency accumulated which are not shown on the record, a recompilation, or a two year supplement thereto shall then be made as herein provided. Tax Collectors shall cause to be compiled like records of taxes delinquent due any district for which they collect from tax rolls other than the State and county rolls, and when approved by the governing body of the particular district, the cost of same shall be allowed in the manner herein provided."

Manifestly the above article was enacted to aid in the collection of delinquent taxes, and the expenditure therein authorized is one allowed by law for the collection of such taxes.

If the Legislature, in passing Senate Bill No. 6, had intended that only a proportionate part of the commissions for assessing and collecting taxes should be deducted from the sums delivered to the Harris County Flood Control District it could have said as much in plain and unmistakeable language. Instead, broader language was used and effect must be given to it.

The sums delivered the District must have charged against them a pro rata part of this expense also.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Glenn R. Lewis*

Glenn R. Lewis
Assistant

GRL:H

APPROVED SEP 30, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS